TURNPAUGH et al. v. DICKEY et al.

(No. 1328.)

(Court of Civil Appeals of Texas. Texarkana. April 30, 1914.)

HOMESTEAD (§ 154*)—ABANDONMENT—SEGREGATION.

Complainants purchased a triangular piece of ground containing a half acre or less in an unincorporated town, built a house and outbuildings thereon, using it as their home. After the town was incorporated, complainants constructed another house on another portion of the lot and divided the two by a high board fence. The second house was rented from month to month with the intention of removing it to another place thereafter. The lot was never platted or cut into two separate lots, and complainants always reserved the particular premises on which the second house was located for use of himself and family. *Held*, that the division of the property by the fence and the construction of the second house did not constitute an abandonment of the homestead character of that portion of the premises so as to render it subject to execution.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 307; Dec. Dig. § 154.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. H. Dickey and others against J. W. Turnpaugh and others, to set aside a sale of real property under a judgment as a homestead. From a judgment for complainants, defendants appeal. Affirmed.

On January 12, 1911, the appellant Turnpaugh recovered a personal judgment against J. H. Dickey for $222.92, with interest and costs. An abstract of the judgment was properly recorded. On January 17, 1913, an alias execution was issued on the above judgment and levied on certain described land of appellee Dickey, and appellant Turnpaugh, the execution creditor, became the purchaser under the sale. Claiming that the land so sold was their homestead, appellee and his wife brought this suit against the purchaser and the sheriff to set aside said sale and cancel the deed made thereunder. Besides the plea of denial, the appellant, in affirmative plea, prayed that the court foreclose his judgment lien on a specifically described portion of the

land, claiming the same had been segregated before the sale from the remainder of the home and abandoned as a part of the original homestead. The case was tried to the court without a jury, and judgment was entered in favor of plaintiffs for the land.

The evidence establishes that in 1902 appellee J. H. Dickey purchased a tract of land, in triangle shape, of a half acre or less, out of the J. Van Rupper survey, and located near the Polytechnic College in Tarrant county. Polytechnic was not incorporated as a town at the time of the purchase, but has since, at some date not given, been incorporated, and at the time of the trial the land in suit lay within the incorporate limits of the town. At the time of the purchase of the land, Dickey built a house in the northeast corner of the land, and drilled a well in the southern part of the triangle, and moved with his wife and children into the house as the homestead of the family. After moving into the house, appellee built a barn, washhouse, a coalhouse and sheds, and other outhouses shown on the plat in the record, for family use in connection with the home. Appellee is a plumber, is actively engaged in that business, and has his plumbing shop on the southwest portion of the lot. During the year 1911 appellee's wife inherited a sum of money from her aunt, and $1,000 of the money was used to erect a small house on the northwest portion of the lot. An upright board fence was then built between this house and the residence, which extended in a southerly direction to a point opposite the coalhouse built some time prior thereto. There were a gateway and drive, about eight feet wide, on the west and running with the cross fence, leading from the street on the north to the coalhouse, and connecting with a gateway at the southern end of the cross fence and next to the horse lot. At the south end of the cross fence is also the washhouse mentioned as having been previously built. From the time of the erection of the house in 1911 to the trial, the appellee has rented the same to tenants. The testimony, however, admittedly shows that appellee erected this house on the lot, intending to keep it there only temporarily until he could purchase another lot and remove it. The house was only rented by the month and the right reserved by appellee to terminate the tenancy at the end of any month, and was never rented to any one having live stock, chickens, or children. The driveway was used by appellee as a means of ingress and egress to and from his stock lot on the south of the lot, and the coalhouse and washhouse were used in common by the appellee's family and the tenants. The lot had never been platted or cut into two separate lots, and appellee did not intend to do so, and he always reserved the particular premises on which the house last erected was located for the use of himself and his family.

The evidence supports the finding of fact, as involved in the judgment of the court, that all the premises constituted the homestead of appellee and his wife, and that he did not intend the house to be permanently rented, and had not discontinued the use of any part of the entire lot for any homestead purpose, and did not intend any discontinuance or abandonment of any part of the original homestead.

Wm. Booth, of Ft. Worth, for appellants. L. H. Burns, of Ft. Worth, for appellees.

LEVY, J. (after stating the facts as above). The first assignment predicates error upon the refusal of the court to foreclose appellants' judgment lien on that part of the original homestead of appellee, as described in appellants' answer. The judgment of the court involves the finding of fact by him that appellee did not intend to segregate and abandon any part of his original homestead. It is believed that there is sufficient evidence to support the trial court's finding of fact, and this court would not be warranted in ruling that the trial court, as a matter of law, erred in rendering judgment for the appellees. In the case of Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075, relied on by appellants, the trial court there made the finding of fact, as supported by the evidence, that "the defendants, because of the permanent renting of the premises, and of their limiting themselves to the use, and to the right of the use, of the strip of 14 feet, had, before the levy of the plaintiff's execution, abandoned their homestead rights in all of the lot in controversy except a strip of 14 feet wide along the north side." Then the court said, "If there be evidence to support the several findings of fact above set out, they will not be disturbed by this court." The other cases cited by appellant also turn on the particular finding of fact in the evidence, as must every case presenting this question.

The judgment is affirmed.